# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| K.L.Q., individually and on behalf of M.Q., K.Q., and N.Q., her minor children, <br><br> Plaintiffs, <br><br> v. <br><br> PLUM BOROUGH SCHOOL DISTRICT, MARK D. KOST, individually and in his Official capacity, DR. TIMOTHY GLASSPOOL, individually and in his Official capacity, JUSTIN STEPHENS, Individually and in his official Capacity, and INGRID STREUSSNIG, Individually, <br><br> Defendants. | Civil Action No. 15-1276 <br><br><br> Magistrate Judge Lisa Pupo Lenihan <br><br><br><br><br><br><br><br> ECF Nos. 23 & 27 |

## **MEMORANDUM OPINION**

**LENIHAN, M.J.**

      Presently before the Court is a Motion for Partial Dismissal of the Amended Complaint filed by Defendants Timothy Glasspool, Plum Borough School District, Justin Stephens, and Ingrid Streussnig (collectively "School Defendants") (ECF No. 23). Also before the Court is a Motion to Dismiss the Amended Complaint filed by Defendant Mark D. Kost. (ECF No. 27). For the reasons discussed below, the motion filed by the School Defendants (ECF No. 23) will granted only as it relates to the slander per se claim against Streussnig and Stephens. The Motion (ECF No. 23) will be denied in all other respects. The motion filed by Defendant Kost (ECF No. 27) will be granted in its entirety.

FACTS AND PROCEDURAL HISTORY

Plaintiff, K.L.Q. individually ("KLQ" or "Plaintiff") and on behalf of M.Q., K.Q, and N.Q., her minor children, ("Minor Plaintiffs") filed this lawsuit against Defendants Plum Borough School District, Dr. Timothy Glasspool, Plum Borough School District Superintendent ("Glasspool"), Justin Stephens, Principal of Regency Park Elementary School in the Plum Borough School District ("Stephens"), Ingrid Streussnig, Plum Borough School Bus Driver ("Streussnig") and Mark D. Kost, Plum Borough Police Officer ("Kost"). All individual Defendants are sued in their personal and official capacities except for School Bus Driver Streussnig. Plaintiff seeks redress of her civil rights guaranteed under the United States Constitution, Title VI, 42 U.S.C. § 1985, and 42 U.S.C. § 1983. (Amended Complaint ¶ 2)[hereinafter "AC ¶ __"]. Plaintiff and her minor children are African American. (AC ¶ 14). The Minor Plaintiffs attended Regency Park Elementary School at all times relevant to the Amended Complaint. (AC ¶ 14).

Plaintiff alleges that in early September of 2014, Minor Plaintiff M.Q., at the time 12 years old, was verbally harassed while attending school, and was called a "nigger" by another student in a public space during school hours. (AC ¶ 15). Plaintiff further states that later that same month, Plaintiff N.Q., at the time 7 years old, was physically attacked by a fellow student while on a school bus driven by Streussnig. (AC ¶ 16). Plaintiff continues that the day after learning of the attack, she boarded the lowermost step of the bus to discuss the possibility of a seating change with Streussnig, who responded that she would need to discuss a seating change with Principal Stephens. (AC ¶¶ 17-20). Plaintiff avers that Streussnig falsely told Stephens that Plaintiff refused to exit the bus when asked. (AC ¶¶ 21, 22). Plaintiff further avers that Principal Stephens, without investigation, contacted the Plum Borough Police Department reporting

2

falsely that Plaintiff refused to exit the bus after being ordered to do so by Streussnig. (AC ¶¶ 23, 24). Plaintiff claims that following this call, Kost, without further investigation, wrongfully charged Plaintiff with the summary offense of disorderly conduct. (AC ¶¶ 28, 29). Plaintiff alleges she was signaled out for mistreatment based on the fact that she is African American, as she has witnessed other Caucasian parents board the bus without issue. (AC ¶¶ 25, 26).

Plaintiff claims that on November 12, 2014, Glasspool, on behalf of the district, made a statement to Channel 11 News that stated "[t]he Plum Borough Police Department filed a summary offense of disorderly conduct at the school's request in lieu of a criminal offense." (AC ¶ 32). Glasspool allegedly cited the Pennsylvania Crimes Code. (*Id.*) Plaintiff alleges that this statement implied Plaintiff could have been charged with a misdemeanor crime if the district were so inclined, defaming Plaintiff's character because allegedly, she did not engage in criminal conduct. (AC ¶¶ 32, 33). She alleges that Glasspool's statement was a ratification of the conduct by Streussnig and Stephens, and that they collectively conspired to deny Plaintiff equal protection of the laws and to deprive her of the right to be free from reckless investigation. (AC ¶¶ 27, 34).

On March 26, 2016, Plaintiff was found "not guilty" of disorderly conduct. (AC ¶ 44). Plaintiff alleges that she was forced to postpone planned enrollment in an accredited police academy as a result of the disorderly conduct charge. (AC ¶ 53). Plaintiff also alleges that after she was charged, all Minor Plaintiffs continued to be verbally harassed, and sometimes physically attacked on school property, during school hours, and in front of other students from November, 2014 through April, 2015. (AC ¶¶ 30, 31, 35-39, 40, 43, 45, 46, 48). Plaintiff alleges that Plum Borough School District administrators and faculties failed to respond to

3

racially motivated physical and verbal attacks on the Minor Plaintiffs, and also failed to respond to Plaintiff's complaints about those attacks. (AC ¶¶ 49, 50).

Plaintiff K.L.Q. filed her initial Complaint on September 30, 2015, (ECF No. 1), and her Amended Complaint on December 30, 2015. (ECF No. 22). Plaintiff states the following five counts: 1) Against Defendant Plum Borough School District only, alleging violation of Title VI and the Fourteenth Amendment, and specifically invoking Plaintiffs' rights to be free from a racially hostile educational environment; 2) Against Defendant Kost only, alleging violation of 42 U.S.C. § 1983 and the Fourteenth Amendment Due Process Clause for violation of Plaintiff's right to be free from reckless investigation; 3) Against School Defendants Stephens, Streussnig and Glasspool, alleging violation of 42 U.S.C. § 1985(3) and the Fourteenth Amendment on behalf of Plaintiff KLQ, for conspiring to deny Plaintiff equal protection of the laws and her right to be free from reckless investigation; 4) Against School Defendants Stephens, Streussnig and Glasspool, alleging violation of 42 U.S.C. § 1983 and the Fourteenth Amendment on behalf of Plaintiff KLQ, for conspiring to deny Plaintiff her right to be free from reckless investigation and equal protection of the laws and; 5) Against Defendant Glasspool[1], on behalf of Plaintiff KLQ, alleging a state law claim for slander per se.

LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6) as follows:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward

---

[1] In the Amended Complaint, Plaintiff brings Count V for slander per se against School Defendants Stephens, Streussnig, and Glasspool. (AC ¶¶ 89-96). In Plaintiff's Brief in Opposition to Defendant's Partial Motion to Dismiss, however, Plaintiff concedes this claim may be brought only against Defendant Glasspool. (ECF No. 29 at 6 n. 3).

4

> with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

ANALYSIS

**School Defendants' Partial Motion to Dismiss on Counts III, IV, and V (ECF No. 23)**

Count III—Section 1985(3) Conspiracy

Defendants move to dismiss Count III of the Amended Complaint wherein Plaintiff K.L.Q. attempts to state a claim for conspiracy against Defendants Stephens, Streussnig, and Glasspool pursuant to 42 U.S.C. § 1985(3) and the Fourteenth Amendment to the United States Constitution. In support of their Motion, Defendants argue that Plaintiff's allegations are

conclusory and fail to set forth specific facts as to the alleged conspiracy.  Plaintiff responds that she has pled the requisite factual specificity.

In order to state a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege four (4) elements: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States.  *United Bhd. of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  A plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators.  *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 326 F.3d 392, 400 (3d Cir. 2003); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991), *later proceeding*, *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992), *superseded by statute*, Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, *as discussed in Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000).  Even though the Supreme Court held in *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coord. Unit*, 507 U.S. 163, 168 (1993), that the allegations in a § 1983 complaint cannot be held to a standard of heightened specificity, a plaintiff must allege conspiracy with some particularity.  *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman*, 507 U.S. at 168).  "While the pleading standard under Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements."  *Loftus v. Southeastern Pa. Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

Moreover, the United States Supreme Court emphasized in *Griffin* that because § 1985(3) requires the "intent to deprive of equal protection, or equal privileges and immunities," a plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to survive a motion to dismiss. *Farber v. City of Patterson*, 440 F.3d 131, 135 (3d Cir. 2006) (discussing *Griffin*, 403 U.S. at 102). Therefore, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Id.* (citing *Aulson v. Blanchard*, 83 F.3d 1, 4-5 (1st Cir. 1996)).

Here, Plaintiff has sufficiently alleged a claim for conspiracy pursuant to 42 U.S.C. § 1985(3). Plaintiff alleges that Defendants entered into a conspiracy to deny her equal protection of the laws. (AC ¶¶ 27, 34.) She alleges that she was targeted by Defendants Stephens and Streussnig because she is African American (AC ¶ 26), that they joined in a conspiracy to make false allegations against her (AC ¶¶ 21, 23, 27), and that Defendant Glasspool subsequently joined in the conspiracy by ratifying the conduct of Defendants Stephens and Streussnig (AC ¶¶ 32-34). Plaintiff further alleges that Defendants made false accusations against Plaintiff in furtherance of the conspiracy. (AC ¶¶ 21-24, 32-33.) Plaintiff also alleges that the denial of equal protection continued when Defendants failed to respond to Plaintiff's complaints concerning the continuing racial discrimination against her children, Minor Plaintiffs. (AC ¶¶ 35-43, 45-52.)

Although the Amended Complaint is not specific as to time and place concerning the alleged "meeting of the minds," the Amended Complaint alleges a continuing pattern of racial discrimination to which the School Defendants failed to respond. (AC ¶¶ 30, 31, 35-39, 40, 43, 45, 46, 48, 49, 50.) Moreover, the Plaintiff further alleges conversations between Streussnig and

7

Stephens. (AC ¶¶ 21-22.) The Amended Complaint also suggests a plausible inference that conversations occurred between Stephens and Glasspool. (AC ¶ 34.) The specifics of these conversations are in the possession of Defendants, and will be revealed in discovery if such evidence exists. At this stage of the proceedings, however, Plaintiff has averred sufficient facts to state a plausible claim pursuant to 42 U.S.C. § 1985(3), and the School Defendants' Motion to Dismiss this claim will be denied.

Count IV—Section 1983 Conspiracy

Defendants move to dismiss Count IV of the Amended Complaint wherein Plaintiff K.L.Q. attempts to make out a claim for conspiracy against Defendants Stephens, Streussnig, and Glasspool pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. In support of their Motion, Defendants argue that Plaintiff's allegations are again conclusory and fail to set forth specific facts as to the alleged conspiracy. Plaintiff responds that she has pled the requisite factual specificity and that discovery will reveal more specific information.

In order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, "a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superceded by statute on other grounds as recognized by P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727 (3d Cir. 2009). Further, a complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). A plaintiff must allege

conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. *Bieros*, 860 F. Supp. at 225 (citing *Leatherman*, 507 U.S. at 168).

Plaintiff has averred sufficient facts to state a plausible claim pursuant to 42 U.S.C. § 1983 for conspiracy. Defendants do not argue the absence of state action. In addition, as discussed at length above with regard to the § 1985(3) conspiracy claim, Plaintiff has set forth facts to state a plausible claim for violation of her rights under the Equal Protection Clause of the Fourteenth Amendment. Similarly, as discussed above, she has averred facts to suggest a meeting of the minds as to the School Defendants. The Court will deny Defendants' Motion to Dismiss Plaintiff's § 1983 conspiracy claim.

<u>Count V—Slander Per Se</u>

In support of their Motion to Dismiss Plaintiff's slander per se claim, the School Defendants argue that Plaintiff failed to allege why the statement was defamatory; that the claim is inapplicable to School Defendants Stephens and Streussnig because only Glasspool allegedly made the statement; and Plaintiff failed to allege that she sustained actual harm. Plaintiff responds that she clearly alleged that Glasspool published a defamatory statement that imputed criminal conduct to Plaintiff when he spoke to the local news station,[2] and that as a result of this statement, she suffered personal humiliation, damage to her reputation, and a delay in her planned enrollment in an accredited police academy.

In order to make out a defamation claim, Plaintiff must allege the following:

> (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4)

---

[2] Plaintiff concedes that Defendant Glasspool is the only proper defendant as to the slander per se claim. (ECF No. 29 at 6 n.3.)

> an understanding by the reader or listener of its defamatory meaning; (5) an understanding by the reader or listener of an intent by the defendant that the statement refers to the plaintiff; (6) special harm resulting to the plaintiff resulting to the plaintiff from its publications; and [if applicable] (7) abuse of a conditionally privileged position.

*Pennoyer v. Marriott Hotel Servs., Inc.*, 324 F. Supp. 2d 614, 618 (E.D. Pa. 2004) (citing *Clemente v. Espinosa*, 749 F. Supp. 672, 677 (E.D. Pa. 1990) (citing 42 Pa. Cons. Stat. § 8343(a) (1988))). *See also Banka v. Columbia Broad. Co.*, 63 F. Supp. 3d 501, 506-07 (E.D. Pa. 2014) (citing 42 Pa. Cons. Stat. § 8343(a)). Under Pennsylvania law, a defamatory statement is one that "tends to harm the reputation of another as to lower him in the estimation of the community or [tends] to deter third persons from associating or dealing with him," or "ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession." *Maier v. Maretti*, 671 A.2d 701, 704 (Pa. Super. Ct. 1995), *quoted in Giordano v. Claudio*, 714 F. Supp. 2d 508, 526 (E.D. Pa. 2010). "[I]it is for the court to determine whether the statement at issue is capable of defamatory meaning." *Pennoyer* at 618 (citing *Synergy, Inc. v. Scott-Levin, Inc.,* 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999), *aff'd*, 229 F.3d 1139 (3d Cir. 2000)).

"Pennsylvania recognizes an exception to the 'special harm' [direct economic or pecuniary injury] requirement for slander actions." *Pennoyer*, 324 F. Supp. 2d at 618 (citing *Espinosa*, 749 F. Supp. at 678). "A plaintiff may succeed in a claim for defamation absent proof of special harm where the spoken words constitute slander per se." *Pennoyer*, 324 F. Supp. 2d at 618 (citing *Espinosa*, 749 F. Supp. at 678). A defendant can be liable for the "proven, *actual* harm" caused by a statement considered to be slander per se, specifically, "words that impute (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." *Id.* (emphasis in original) (quoting *Espinosa*, 749 F. Supp. at 677 (citing

10

Restatement (Second) of Torts § 570 (1977))). Actual damages in a slander per se case include "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id.* at 619 (quoting *Sprague v. ABA*, 276 F. Supp. 2d 365, 368 (E.D. Pa. 2003)).

Contrary to the School Defendants assertions, Plaintiff has adequately alleged a slander per se claim. Taking all allegations of the Amended Complaint as true, and reading the Amended Complaint in its entirety, Defendant Glasspool's statement to the local television station could be considered defamatory. The statement imputes criminal conduct to Plaintiff and therefore could constitute slander per se. Plaintiff alleges that the bases for the alleged criminal conduct are materially false statements made by the School Defendants. (ECF No. 22, ¶¶ 21-24.) These false statements, according to Plaintiff, were the result of Plaintiff being targeted by the School Defendants because she is an African American. (ECF No. 22, ¶¶ 25-26.) Therefore, Plaintiff suggests that because the entire school bus episode was based on materially false statements, she did not engage in criminal conduct, and Defendant Glasspool's statement that he could have requested that criminal charges be filed, defamed Plaintiff by imputing criminal conduct to her.

In addition, Plaintiff's allegations that she suffered personal humiliation, damage to her reputation, and a delay in her planned enrollment in an accredited police academy are sufficient to satisfy the requirement of pleading actual damages. *See Pennoyer*, 324 F. Supp. 2d at 619 (citing cases).

Finally, the Court notes that the only proper Defendant as to Plaintiff's slander per se claim is Defendant Glasspool.

Therefore, Defendants' Motion to Dismiss Count V of the Amended Complaint pertaining to slander per se will be granted as to School Defendants Stephens, and Streussnig, and denied as to School Defendant Glasspool.

**Defendant Kost's Motion to Dismiss (ECF No. 27)**

Defendant Kost moves to dismiss the only claim against him in the Amended Complaint: Count II, titled "Reckless Investigation," in violation of § 1983 and the Fourteenth Amendment. In support of the Motion, Kost argues the following: 1) Plaintiff has failed to alleged sufficient facts to sustain her claim because she fails to allege facts that plausibly suggest that Kost acted intentionally or recklessly in failing to investigate; 2) if Plaintiff has stated a claim for violation of Plaintiff's Fourteenth Amendment substantive due process rights for failure to investigate, Kost is entitled to qualified immunity; and 3) Kost may not be sued in his official capacity where his employing municipal entity (Plum Borough Police Department/Plum Borough) has not been named as a defendant, and where no claims in municipal liability are alleged against Kost and/or his employing municipality. Plaintiff responds that Plaintiff has adequately pled facts to establish her due process claim of reckless investigation; Kost is not entitled to qualified immunity because the law regarding reckless investigation was clearly established; and Kost may be sued in his official capacity.

The parties agree that at the time of their submissions, the United States Court of Appeals for the Third Circuit had not recognized a claim for reckless investigation, although district courts in this circuit, including the Western District of Pennsylvania, have. (ECF No. 28 at 6; ECF No. 30 at 2-3.) Assuming that a Fourteenth Amendment due process claim for reckless

investigation exists in the Third Circuit, Plaintiff's averments fall short of making out a plausible claim for relief as to Defendant Kost.

"'To bring a successful due process claim for failure to investigate, a plaintiff must show that a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate.'" *Thomas v. Stanek*, No. 2:14-cv-1415, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015) (quoting *Eckman v. Lancaster City*, 742 F. Supp. 2d 638, 653 (E.D. Pa. 2010), *aff'd*, 515 F. App'x 93 (3d Cir. 2013)) (other citation omitted). "A negligent failure to investigate does not create liability." *Eckman*, 742 F. Supp. 2d at 653 (citing *Martin v. Anderson*, No. 07-CV-2965, 2008 WL 4761734, at *9 n.8 (E.D. Pa. Oct. 30, 2008)). *See also Russo v. City of Bridgeport*, 479 F.3d 196, 210, 212 (2d Cir. 2007) (denying qualified immunity on motion for summary judgment because defendant police officers "acted intentionally in hiding exculpatory evidence," which coupled with other evidence demonstrated "an intentional violation of, or deliberate indifference to [the plaintiff]'s constitutional rights"); *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992) (distinguishing between police officer's negligent failure to follow up on exonerative leads with situation where police officer "knowingly and willfully ignored substantial exculpatory evidence. . . . [and] deliberately looked the other way in the face of exonerative evidence indicating he arrested the wrong man"). The Court in *Thomas* also noted that "'[f]ailure to investigate is considered in tandem with the strength or weakness of the probable cause evidence.'" *Thomas*, 2015 WL 757574, at *7 (quoting *Eckman*, 742 F. Supp. 2d at 653). The Court continued that "'[w]here probable cause evidence is weak, officers may have a greater duty to consider potential exculpatory evidence.'" *Id.* (citing *Walker v. Spiller*, 1998 WL 306540, at *6 (E.D. Pa. June 9, 1998)).

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). In determining whether probable cause exists to support an arrest, the analysis must be based upon the totality of circumstances including "the objective facts available to the officers at the time of the arrest." *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (citing *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983)). Whether it would have been clear to a reasonable officer that probable cause justified the arrest requires an examination of the crime in issue.

Plaintiff was charged with the summary offense of Disorderly Conduct under Pennsylvania Criminal Code, 18 Pa. C.S. § 5503 (a) (4), which provides as follows:

> (a) Offense defined. - A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> . . .
>
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa. C.S. § 5503 (a) (4). Pursuant to the language of the statute, whether "words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance." *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999).

In Count II of the Amended Complaint, Plaintiff alleges that Officer Kost failed to corroborate Bus Driver Streussnig's account of the bus incident with any other witnesses; failed to question parents of other children who rode Streussnig's bus to determine whether other parents routinely boarded the bus; and failed to question Plaintiff regarding her conduct on the school bus. (AC ¶¶ 69-70.) Plaintiff does not allege that Kost was aware, or had reason to be

14

aware, of the alleged false statement made by Bus Driver Streussnig that Plaintiff refused to exit the bus after being ordered to leave by Streussnig.  In addition, Plaintiff alleges no facts to suggest that Kost was aware of the allegedly false statement made by Principal Stephens that Plaintiff refused to exit the bus after being ordered to leave by Streussnig.  Moreover, Plaintiff does not aver that Kost was part of the alleged conspiracy to deny Plaintiff her rights under the Equal Protection Clause.  Instead, Kost obtained information from the Plum Borough Police Department that was reported by Principal Stephens and Bus Driver Streussnig.  Plaintiff avers no facts to suggest any reason why Kost should have been suspicious of Streussnig's and Stephens' account of the incident.  Similarly, Plaintiff avers no facts to suggest that Kost obtained this information knowing of the alleged conspiracy between the School Defendants.  Finally, there are no averments that Kost purposely disregarded evidence exculpating the Plaintiff, or that he attempted to fabricate evidence against her.

In addition, based upon the above facts as averred in the Amended Complaint, a reasonable officer in Kost's position would have believed he had probable cause to issue a citation to Plaintiff for the summary offense of disorderly conduct.  According to the Amended Complaint, it was reported to Kost that Plaintiff boarded the school bus and refused to exit when ordered to do so.  Her presence on the school bus step would have created a hazardous or physically offensive condition.  *See* 18 Pa. C.S. § 5503 (a) (4).  Kost had no further constitutional duty to continue his investigation in an attempt to uncover potentially exculpatory evidence undermining his conclusion as to the existence of probable cause.  *See Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (Fourteenth Amendment imposes no obligation on officers to uncover further evidence once probable cause has been established at the time of arrest); *Feldman v. Cmty. College of Allegheny Cty.*, 85 F. App'x 821, 825 (3d Cir. 2004) ("[A]n officer is not

required to 'undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already exists.'") (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 n.8 (3d Cir. 2000); *see also Benckini v. Hawk*, 654 F. Supp. 2d 310, 320 (E.D. Pa. 2009) ("Police officers are entitled to rely on the statements of seemingly reasonable and reliable witnesses.")

Plaintiff has alleged no facts that suggest intentional or reckless conduct by Kost. Therefore, Plaintiff has failed to state a plausible claim against Kost for reckless investigation pursuant to the Fourteenth Amendment Substantive Due Process Clause. Defendant Kost's Motion to Dismiss this claim will be granted.

Qualified Immunity

State officials performing discretionary acts enjoy "qualified immunity" from money damages in § 1983 causes of action when their conduct does not violate "clearly established" statutory or constitutional rights of which a "reasonable person" would have known at the time the incident occurred. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194 (2001), the United States Supreme Court discussed the qualified immunity inquiry and directed that, in deciding whether a defendant is protected by qualified immunity, a court first must determine whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. If the facts do not establish the violation of a constitutional right, no further inquiry concerning qualified immunity is necessary. *Id.* If the plaintiff's factual allegations do show a violation of his rights, then the court must proceed to determine whether the right was "clearly established," that is, whether the contours of the right were already delineated with sufficient clarity to make a reasonable officer in the defendant's circumstances aware that what he was doing violated the right. *Id.* at 201-02. Finally, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the United States

16

Supreme Court concluded that while the two-step sequence identified in *Saucier* "is often appropriate, it should no longer be regarded as mandatory." *Id.* at 236.

Here, as discussed at length above, taking all of Plaintiff's allegations as true and affording those allegations every favorable inference, Plaintiff has failed to state a plausible claim for reckless investigation against Kost. Therefore, the Court need not engage in the remainder of the qualified immunity analysis and Kost will be protected by qualified immunity.

<u>Official capacity claim</u>

Finally, as to the claim against Kost in his official capacity, this claim will also be dismissed with prejudice. As discussed above, the claim against Kost in his individual capacity will be dismissed with prejudice. Plaintiff does not name the municipal entity for which Kost is employed as a Defendant. Moreover, Plaintiff fails to allege any claim sounding in municipal liability. Therefore, the official capacity claim against Kost will be dismissed with prejudice.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion for Partial Dismissal filed by Defendants Glasspool, Plum Borough School District, Stephens, and Streussnig (ECF No. 23) will be granted only as it relates to the slander per se claim against Defendants Streussnig and Stephens. The Motion (ECF No. 23) will be denied in all other respects. The Motion to Dismiss filed by Defendant Kost (ECF No. 27) will be granted in its entirety.

An appropriate Order will follow.

Dated: May 17, 2016

BY THE COURT

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
    Via Electronic Filing